## Stuart, &c. vs. Wilder.

Case 9.

||17bm 55|
||113 515|

PET. EQ.

1. By the *Revised Statutes, chap.* 46, *art.* 4, *sec.* 17, property conveyed or devised to a married or unmarried woman, to her separate use, to the exclusion of any husband, cannot be alienated by her with or without the consent of any husband; but if it be a gift, the wife may alienate with the consent of the donor or his personal representatives.

2. By the 4th section of the chapter on wills, *Revised Statutes,* 694, "a married woman may by will dispose of any estate secured to her separate use by deed or devise, or in the exercise of a special power to that effect."

3. The provisions of the chapter of the Revised Statutes on conveyances, authorizing a married woman to convey any real or personal estate which she may own, applies alone to their *general property,* as contradistinguished from that in which they have a separate estate, in which view the statutes do not conflict.

4. The only discrimination in the chapter of the Revised Statutes in regard to property conveyed to the separate use of the wife, is, that if it be a gift she may convey by the consent of the donor or his personal representative. No discrimination is made where there is a power given to sell. The terms of prohibition are general, embracing all *separate estates.*

5. Married women may dispose of their separate estates by will.

6. By the 20th and 21st sections of the chapter on conveyances, a wife may convey any real or personal estate which she may own, by joint deed, or by the separate deed of the wife, where the husband has theretofore conveyed—but the conveyance must be to the same person. A mortgage by the husband of his interest in the estate of the wife is not such a conveyance as is contemplated by the statute.

[The facts of the case are stated in the opinion of the court.—REP.]

*Bullitt & Smith* for appellants—

The appellants seek a specific execution of their contract of purchase, if a valid title can be made by the *femes covert,* and they are willing to convey if they have the power to do so. They together own fourteen thirty-fourths of the lot purchased by appellant.

As to the interest of Mrs. De Kautzain. Her husband mortgaged his interest to appellants. The mortgage was foreclosed, and appellants purchased it. She offers to convey. Can she do so and divest herself of title—her husband being absent in California? *Sec.* 20 *and* 21, *Revised Statutes, page* 199, authorizes "married women to convey any estate they own." The conveyance may be by the joint deed of husband and wife, or by a separate instrument if the husband has theretofore conveyed. The husband has conveyed in this case by a commissioner, which is effectual to pass any right he ever had. The statute does not say that the wife shall convey to the same person. Though it was not intended that there should arise any conflict between the deed of the husband and that of the wife, and is within the spirit of the statute, if she convey to the vendee of the vendee of the husband.

As to the interest of Mrs. Kearny. It is a separate estate, and her husband not a necessary party. (*Code of Practice, sec.* 49.) She claims the right to convey without the consent of her husband or that of the court. She can certainly do so, unless restrained by the statute. (*Sugden on Powers*, 184–5.)

There is no clause restraining her unless it be found in *Revised Statute, page* 395, *chap.* 47, *art.* 4, *sec.* 17. The last clause of this section only applies to estates created since the Revised Statutes took effect. The first clause declares, "that if any estate be hereafter conveyed or devised for the separate use of a married woman, she shall not alienate it with or without the consent of her husband; but may do so when it is a gift, with the consent of the donor or his personal representative. It is insisted that where a power to sell is given, that alone is a sufficient consent of the donor, and no farther consent is necessary. It cannot be that where such consent to sell is given by the donor, that the personal representative, after the death of the donor, can defeat the sale by refusing consent. But Mrs. Kearny is a purchaser

for valuable consideration, and *chapter* 47, *Revised Statutes*, after declaring that she shall not sell, with or without the consent of her husband, fails to point out any mode by which she may sell. So, if that chapter applies at all, there is no mode by which she can sell.

Can Mrs. Kearny sell under the provisions of *chap. 86, page* 593–4 *of the Revised Statutes?* There may be doubt on this question. *Sec. 4, page* 595–6, requires the court ordering a sale under that chapter, to have the proceeds reinvested in land or slaves, "subject to the same uses, limitations, and trusts as the land or slaves sold were held."

This state of case could not have been in the contemplation of the legislature in the enactment of the Revised Statutes.

It is insisted that the right of a married woman to sell her separate estate was not derived from any statute. It is in virtue of the common law. Sound policy requires its recognition, unless clearly prohibited by statute. As there exists doubt upon the questions involved, we submit them to the court.

*Barret & Wood* for appellee—no brief.

Judge SIMPSON delivered the opinion of the court.                    June 13.

This action was brought by the vendors to compel the specific execution of a contract for the sale of a lot of land in the city of Louisville, which the vendee refused to comply with, on the ground of the incapacity of two of the vendors, who are married women, to convey to him the title, with which they are invested.

1. It appears that the title of one of the vendors, who is a married woman, to the lot in question, was conveyed to her in November, 1853, for her separate use, upon a valuable consideration. The deed of conveyance confers on her an express power to sell and devise and control the property thus conveyed to her separate use, in the same manner she could do if she were unmarried.

STUART, &c.
vs.
WILDER.

This conveyance having been made since the Revised Statutes took effect, it is contended that she has no power, as the law now is, to alienate this separate estate. On the other hand, it is contended that the statute should not be so construed as to apply to a case like the present, where by the terms of the deed conveying the separate estate, an express power is given to sell and dispose of the property.

1. By the Revised Statutes, chap. 46, art. 4, sec. 17, property conveyed or devised to a married or unmarried woman, to her separate use, to the exclusion of any husband, cannot be alienated by her with or without the consent of any husband; but if it be a gift, the wife may alienate with the consent of the donor or his personal representatives.

The 17th section of the 4th article of the chapter, Husband and Wife, of the Revised Statutes, page 395, is in the following language, viz:

"If real or personal estate be hereafter conveyed or devised for the separate use of a married woman, or for that of an unmarried woman, to the exclusion of any husband she may thereafter have, she shall not alienate such estate with or without the consent of any husband she may have, but may do so, when it is a gift, by the consent of the donor or his personal representative."

2. By the 4th section of the chapter on wills, Revised Statutes, 694, "a married woman may by will dispose of any estate secured to her separate use by deed or devise, or in the exercise of a special power to that effect."

The 4th section of the chapter on Wills, (Revised Statutes, 694,) is as follows, viz:

"A married woman may, by will, dispose of any estate secured to her separate use by deed or devise, or in the exercise of a special power to that effect."

These two sections are the only parts of the Revised Statutes by which the power of a married woman to convey or dispose of her separate estate is defined and regulated. The provisions of the chapter on Conveyances, authorizing married women to convey any real or personal estate which they own, must be construed as applying alone to their *general property*, as contradistinguished from that in which they have a separate estate; otherwise these statutes would be repugnant with each other.

3. The provisions of the chapter of the Revised Statutes on conveyances, authorizing a married woman to convey any real or personal estate which she may

The foregoing section in the chapter on Husband and Wife prohibits a married woman from alienating, with or without the consent of her husband, such separate estate as may be subsequently conveyed to her. She may, however, if it be a gift, do so by the consent of the donor or his personal representative. No

STUART, &c. vs. WILDER.

discrimination is made between cases where the deed conveying such estate contains a power to sell, and those where no such power is contained in the deed. The language used is general and comprehensive, and embraces all *separate estate*.

It seems to have been the intention of the legislature, by depriving a married woman of the power to alienate her *separate estate*, to secure her in the enjoyment of it during her life, or at least during the continuance of her coverture. She can dispose of it by will, to take effect after her death, but during her coverture she cannot make any disposition of it, to take effect in her lifetime. A radical change in the previous law has been thus effected. The change was made, no doubt, for the purpose of protecting this description of property, which is generally conveyed to a woman to secure her against want, from the operation of those influences which might be brought to bear upon her, to induce her to sell and dispose of it. Cases may undoubtedly occur where the power of alienation might be exercised advantageously. But in its general operation, the exercise of such a power more frequently than otherwise results in the total waste and dissipation of the estate. But with respect to the policy of this change in the law, it is not a matter for our consideration, except so far as may aid us in ascertaining the intention of the legislature, and thus enable us to give a proper construction to the statute.

Considering, therefore, the language of the statute, as well as the intention of the legislature in its passage, as it may be deduced from the provision itself, as well as from that relating to last wills, it must be construed as embracing all subsequent conveyances of separate estate, as well those which contain a power to sell as those that do not contain such a power. Consequently this vendor is unable to convey her interest in the lot of ground to the purchaser.

own, applies alone to their *general property*, as contradistinguished from that in which they have a separate estate, in which view the statutes do not conflict.

4. The only discrimination in the chapter of the Revised Statutes in regard to property coveyed to the separate use of the wife, is, that if it be a gift she may convey by the *consent* of the donor or his personal representative. No discrimination is made where there is a power given to sell. The terms of prohibition are general, embracing all *separate estates*.

5. Married women may dispose of their separate estates by will.

As this is not a case of a gift, but the estate was conveyed to the wife, on a purchase, and for a valuable consideration, we do not deem it necessary now to decide whether, in the case of a gift, a power in the deed should be construed to be equivalent to the consent of the donor that the estate might be alienated.

2. Another one of the vendors is also a married woman, who acquired her interest in the lot in question by descent. Her husband heretofore mortgaged his interest in this lot of ground to another one of the vendors, who has had his interest sold by a commissioner, and has purchased it himself. The husband is now absent in California, and the question is, can the wife, in the absence of her husband, sell and convey her interest in the lot by her separate deed?

6. By the 20th and 21st sections of the chapter on conveyances, a wife may convey any real or personal estate which they may own, by joint deed, or by the separate deed of the wife, where the husband has theretofore conveyed—but the conveyance must be to the same person. A mortgage by the husband of his interest in the estate of the wife is not such a conveyance as is contemplated by the statute.

By the 20th and 21st sections of the chapter on Conveyances, (*Revised Statutes*, 199,) married women are authorized to convey any real or personal estate which they own: and the conveyance may be by the joint deed of the husband, or by separate instrument; but in the latter case the husband must first convey or have theretofore conveyed.

The conveyances contemplated by the statute are to be made to the same person, and not to one person by the husband and to another person by the wife. But as a conveyance by the wife to the vendee would, in this case, have virtually the same effect and operation it would have if made to the mortgagee himself, inasmuch as it would be a conveyance to his vendee, her separate deed might not be considered invalid on this ground. The mortgage made by the husband was not, however, in our opinion, such a conveyance by him as the statute contemplates. He merely mortgaged his interest in the property to secure the payment of a debt; and such an instrument does not indicate any intention on his part to make an absolute sale or conveyance of the property, or manifest his consent to a conveyance thereof by his wife, either to the mortgageee or any

other person—which seems to have been the very object which the legislature had in view by requiring a joint conveyance by husband and wife, *or a previous conveyance by the husband.* Consequently this vendor was also unable to convey to the purchaser her title to the lot by the separate deed which she offered to execute.

As therefore the vendors were unable to convey a complete title to the purchaser, their petition claiming a specific execution of the contract was properly dismissed.

Wherefore, the judgment is affirmed.